UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
**LAQUAN WILLIAMS,**
:
                      Plaintiff,      :   **ORDER**
:
                                         :   24-CV-7682 (AMD) (VMS)
       - against -                   :
:
**MDC BROOKLYN/FBOP,**        :
:
                      Defendant.    :
.
------------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

On October 4, 2024, the *pro se* plaintiff, a pretrial detainee at the Hudson County Correctional Center in New Jersey, filed this action in the United States District Court for the Southern District of New York alleging constitutional violations and seeking damages for injuries he sustained at the Metropolitan Detention Center ("MDC") in Brooklyn. (ECF No. 1.)[1] The action was transferred to this District on November 4, 2024. (ECF No. 3.) The Court grants the plaintiff's request to proceed *in forma pauperis*. As discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

The plaintiff alleges that the defendants failed to protect him while he was detained at the MDC in Brooklyn. (ECF No. 1 at 12.) He states that in June 2024, he was "walk[ing] out my cell" when "a[n] unknown male came from behind cut me multiple times on my face while

---

[1] The plaintiff names "MDC/FBOP" as the sole defendant. The Court construes "MDC/FBOP" as referring to the Federal Bureau of Prisons (the "BOP") and the MDC, a facility operated by the BOP.

another victim was stabbing me." (*Id.*)  The plaintiff says that he "almost died," and that one "cut was a[n] inch[] away from [his] throat." (*Id.*)  The wounds to the plaintiff's face and neck required 31 stitches. (*Id.* at 3–5.)  He asserts that the defendants "failed to follow care custody control," and that he suffered "emotional distress[,] ear, neck, and face itch." (*Id.* at 12.)  He is afraid to leave his cell for fear that "someone gonna harm me" (*id.* at 5), and is receiving psychiatric treatment (*id.* at 12).

The plaintiff acknowledges that he did not use the prison grievance procedures. (*Id.* at 7.)  The plaintiff alleges that "they refuse to let me speak to my wife" and "they jus[t] box me and ship me." (*Id.* at 6).  The plaintiff seeks $131 million in damages for "pain and suffering" from "tra[u]matic thought[s]" and "emotional distress." (*Id.* at 5.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest

arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Prison Litigation Reform Act requires district courts to screen civil complaints brought by prisoners against a governmental entity and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Additionally, a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

The plaintiff brings a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants failed to protect him from a violent inmate attack.

A *Bivens* claim is brought against federal officials in their individual capacities. *See McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016). To state a *Bivens* claim, a plaintiff must plausibly allege "depriv[ation] of a constitutional right by a federal agent acting under color of federal authority," and that "the individual defendant[s were] personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). The Supreme Court has limited the availability of *Bivens* remedies to three kinds of cases: a Fourth Amendment claim arising from an unlawful search and arrest, *Bivens*, 403 U.S. 388; a Fifth Amendment claim based on sex-discrimination in the workplace, *Davis v. Passman*, 442 U.S. 228 (1979); and an Eighth Amendment claim for failure to provide adequate medical treatment.

3

*Carlson v. Green*, 446 U.S. 14 (1980).  "[T]he Supreme Court has refused to extend *Bivens* to contexts beyond the specific clauses of the specific amendments for which a cause of action had been implied, or even to other classes of defendants facing liability under those same clauses." *Sanford v. Bruno*, No. 17-CV-5132, 2018 WL 2198759, at *4 (E.D.N.Y. May 14, 2018).  The Supreme Court has instructed lower courts that "[e]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

As a general matter, a litigant may not sue the United States or any of its agencies in federal court unless the United States has waived its sovereign immunity. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994) (*Bivens* does not imply cause of action against the federal government or its agencies).  Because the BOP and the MDC Brooklyn are federal agencies, the plaintiff's claims against them must be dismissed.  28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Moreover, a *Bivens* remedy is unavailable for a failure-to-protect claim. *See Ballard v. Dutton*, No. 23-6416, 2024 WL 4039606, at *1 (2d Cir. Sept. 4, 2024) (holding that a *Bivens* remedy is not available for a failure-to-protect claim where the plaintiff asserted that a lieutenant failed to protect him from an assault by another inmate).  Accordingly, the plaintiff's claim that the defendants failed to protect him from a violent inmate attack must be dismissed.

The Court interprets the complaint to allege a claim for deliberate indifference not under the Eighth Amendment, but under the Due Process Clause of the Fourteenth Amendment, because the because the plaintiff is a pretrial detainee, not a convicted prisoner. *See Darnell v.*

4

*Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

"A detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). The plaintiff does not sufficiently allege that the defendants were deliberately indifferent to his injuries. The plaintiff's Fourteenth Amendment claim is therefore dismissed. The plaintiff may amend his complaint within 45 days of this Order. He must name a federal official as a defendant. Additionally, because the plaintiff's failure-to-protect claim is not cognizable under *Bivens*, he must allege a different theory to state a claim under *Bivens*. For example, to the extent the plaintiff seeks to assert a Fourteenth Amendment claim for deliberate indifference to his medical needs, he must explain what he has done to request treatment, and how prison officials responded to his requests. In particular, the plaintiff should state whether he has attempted to file any formal grievances with the BOP regarding any denial of his requests for medical treatment and how the BOP responded to those attempts. He must also identify specific corrections officers to whom he spoke about his condition and provide all the relevant dates. If the plaintiff does not know the corrections officers' names, he may refer to them as John or Jane Doe.

The plaintiff might also be able to make a claim under the Federal Tort Claims Act ("FTCA") based on his allegation that corrections officers failed to protect him from a violent inmate attack. The FTCA "constitutes a limited waiver of sovereign immunity by the United States and permits a tort suit against it under specified circumstances." *Liranzo v. United States*,

5

690 F.3d 78, 85 (2d Cir. 2012) (citation omitted).  The proper defendant for an FTCA claim is the United States of America.  *See* 28 U.S.C. § 2679(d)(1).  However, before bringing a claim under the FTCA, the plaintiff must exhaust his administrative remedies.  That means he must (1) file a claim for money damages with the BOP and (2) receive a final written determination from the BOP.  *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).  An FTCA claim must be "presented in writing to the [BOP] within two years after such claim accrues" and an FTCA action in federal court must be commenced within six months of the BOP's decision.  *Roberson v. Greater Hudson Valley Fam. Health Ctr., Inc.*, No. 17-CV-7325, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018) (citing 28 U.S.C. § 2401(b)).[2]

If the plaintiff brings a failure-to-protect claim under the FTCA in an amended complaint, the plaintiff should state whether he requested a grievance form or made other efforts to exhaust his administrative remedies, and how the corrections officer responded to those attempts.  *See, e.g.*, *Cruz v. Lee*, No. 14-CV-870, 2016 WL 1060330, at *5 (S.D.N.Y. Mar. 15, 2016) (holding that where the prisoner was denied access to the grievance procedure, he made reasonable efforts to exhaust by writing a letter to his counselor, speaking to a mental health doctor, and writing to the superintendent); *see also Hill v. Tisch*, No. 02-CV-3901, 2009 WL 3698380, at *5 (E.D.N.Y. Oct. 30, 2009) (holding that the corrections facility's policy does not permit grievances against other inmates, but that the plaintiff was not excused from his failure to exhaust because the "[p]laintiff allege[d] that his injuries resulted from the failure of the . . . defendants to protect

---

[2] There are limited circumstances in which a prisoner is not required to exhaust administrative remedies. "[P]risoners are exempt from the exhaustion requirement when administrative remedies are 'unavailable.'" *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 311 (2d Cir. 2020) (citation omitted).  A remedy is unavailable when "(1) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* (quotation marks omitted).

him . . . and there is nothing in the record to suggest that such complaints are not grievable"). He must also identify specific corrections officers to whom he made the requests and provide all the relevant dates. If the plaintiff does not know the corrections officers' names, he may refer to them as John or Jane Doe.

The plaintiff's amended complaint must be labeled "Amended Complaint" and bear the same docket number as this Order, 24-CV-7682 (AMD) (VMS).

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The plaintiff may amend his complaint within 45 days of this Order if he cures the deficiencies discussed above. If the plaintiff does not file an amended complaint within that time or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close this case.

The Clerk of Court is respectfully directed to mail a copy of this Order and a prisoner's civil rights form complaint to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                                       s/Ann M. Donnelly

                                                                                      ANN M. DONNELLY
                                                                                      United States District Judge

Dated: Brooklyn, New York
       December 11, 2024