UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
**LAQUAN WILLIAMS,**
:
                Plaintiff,    :   **MEMORANDUM DECISION AND ORDER**
:
      - against -
:   24-CV-7682 (AMD) (VMS)
:
**MDC BROOKLYN/FBOP,**
:
                Defendant.  :
------------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

On October 4, 2024, the *pro se* plaintiff, a pretrial detainee at the Hudson County Correctional Center in New Jersey, filed this action alleging constitutional violations and seeking damages for injuries he sustained at the Metropolitan Detention Center ("MDC") in Brooklyn. (ECF No. 1.)[1] The plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 8.) On December 11, 2024, the Court granted the plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with leave to amend within 45 days of the order. (ECF No. 11.) On January 8, 2025, the plaintiff filed a one-page letter, which this Court liberally construes as an amended complaint. (ECF No. 12.) As he did in his first complaint, the plaintiff refers to injuries he sustained at the MDC; he also says that his girlfriend and their unborn baby were killed in a shooting in which the plaintiff was also injured.

For the following reasons, the complaint is dismissed.

---

[1] The plaintiff names "MDC/FBOP" as the sole defendant. The Court construes "MDC/FBOP" as referring to the Federal Bureau of Prisons (the "BOP") and the MDC, a facility operated by the BOP.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of his claim against each defendant so that they have adequate notice of the claims against them. *See id.* at 677–78. A pleading that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation omitted). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[2] a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous," "fails to state a claim on

---

[2] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Additionally, the Prison Litigation Reform Act requires district courts to screen civil complaints brought by prisoners against a governmental entity and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Further, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  *Hassan v. U.S. Dep't of Veteran Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (citation omitted).

## DISCUSSION

In his original complaint, the plaintiff alleged that the defendants failed to protect him when he was detained at the MDC, and that other inmates attacked and stabbed him in June 2024.  (ECF No. 1 at 12.)  The plaintiff "almost died," and one "cut was a[n] inch[] away from [his] throat."  (*Id.*)  He asserted that the defendants "failed to follow care custody control," and that he suffered "emotional distress[,] ear, neck, and face itch."  (*Id.* at 12.)  He sought $131 million in damages for "pain and suffering" from "tra[u]matic thought[s]" and "emotional distress." (*Id.* at 5.)  The Court interpreted the original complaint as alleging failure-to-protect claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), and a Fourteenth Amendment claim for deliberate indifference to his medical needs.  (*See generally* ECF No. 11.)

The Court dismissed the original complaint because "a litigant may not sue the United States or any of its agencies in federal court unless the United States has waived its sovereign immunity."  (*Id.* at 4 (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994) (quotations omitted)).)  The Court also

3

found that "a *Bivens* remedy is unavailable for a failure-to-protect claim." (ECF No. 11 at 4 (citing *Ballard v. Dutton*, No. 23-6416, 2024 WL 4039606, at *1 (2d Cir. Sept. 4, 2024) (holding that a *Bivens* remedy is not available for a failure-to-protect claim where the plaintiff asserted that a lieutenant failed to protect him from an assault by another inmate)).) The plaintiff did not allege a cognizable failure-to-protect claim under the FTCA because he did not state whether he requested a grievance form or made other efforts to exhaust his administrative remedies, and how the corrections officer responded to those attempts. (ECF No. 11 at 6 (citing *Cruz v. Lee*, No. 14-CV-870, 2016 WL 1060330, at *5 (S.D.N.Y. Mar. 15, 2016) (holding that where the prisoner was denied access to the grievance procedure, he nonetheless made reasonable efforts to exhaust by writing a letter to his counselor, speaking to a mental health doctor, and writing to the superintendent) (citation omitted)).) The Court dismissed the Fourteenth Amendment claim for deliberate indifference to his medical needs because the plaintiff did not sufficiently allege that the defendants were deliberately indifferent to the plaintiff's injuries. (ECF No. 11 at 5 (citing *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) ("A detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.")).)

In his one-page letter, the plaintiff alleges that that the BOP "failed to follow care, custody, and control." (ECF No. 12 at 1.) In addition to claiming that he was stabbed and cut at the MDC, the plaintiff alleges that he and his pregnant girlfriend were shot, and that his girlfriend died because an MDC inmate used a contraband cellphone to plot a "murder for hire."

4

(*Id.*)³  He seeks $131 million in damages and "physical ev[i]dence from Dea."  (*Id.*)⁴  The amended complaint does not allege cognizable claims under *Bivens*, the FTCA, or the Fourteenth Amendment.

## LEAVE TO AMEND

The Court gave the plaintiff an opportunity to amend his complaint, and he did not cure any of the original complaint's deficiencies.  Under these circumstances, the Court declines to grant leave to amend a second time, because amendment would be futile.  *See Ward v. City of NY Mayor*, No. 23-CV-5237, 2023 WL 5179630, at *2 (E.D.N.Y. Aug. 11, 2023) (declining leave to amend complaint alleging Section 1983 claims against private parties); *Gross v. Intratek Comput. Inc.*, No. 22-CV-07440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (noting that "[w]here a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate"); *Burke v. Verizon Commc'ns, Inc.*, No. 18-CV-4496, 2020 WL 6538748, at *8 (S.D.N.Y. Nov. 6, 2020).

---

³ The plaintiff also filed a separate civil action related to the shooting.  *See Williams v. Warden*, No. 25-CV-484 (filed Jan. 27, 2025).

⁴ The plaintiff also attached a news article that refers to the murder-for-hire plot.  (ECF No. 12 at 2–4.)

5

## CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       February 10, 2025